Whaley, Chief Justice,
dissenting:
I cannot agree with the majority opinion.
There is no legal or equitable assignment involved. This is an action by a contractor to recover damages suffered by himself and his subcontractor, occasioned by the delay of the defendant. It is admitted that defendant’s delay caused damages to both the contractor and the subcontractor. The plaintiff failed to prove the amount of his own damages but the damages suffered by the subcontractor were established by clear proof. The majority opinion admits that the subcontractor was damaged in the amount of $737.10 by allowing overhead on this amount to plaintiff.
For fifty years it has been the settled doctrine of this court that a contractor could bring suit for himself and his subcontractor for losses occasioned by delay by the defendant before payment was made to the subcontractor. In innumerable cases from Stout, Hall & Bangs v. United States, 27 C. Cls. 385, to Consolidated Engineering Company, No. 43159, decided February 1, 1943 (98 C. Cls. 256), this doctrine has been uniformly followed and never been questioned.
We must bear in mind that general contractors usually sublet specialized work like plumbing and electrical installations to subcontractors. The effect of the majority opinion would be to compel such subcontractors, and they are legion in numbers, to sue in their own names, which they could not do for lack of privity with the United States. This anomalous situation has never been recognized by this court in all *445 its history. And the majority opinion cites no case in the Supreme Court in which subcontractors have been held to be assignors of claims against the United States, merely because they were unfortunate enough to be subcontractors.
The subcontractor of plaintiff agreed in his contract not to hold the contractor for “loss, damage, detention or delay caused by the owner.”
The contractor is the plaintiff in this action. The subcontractor is not suing the contractor or the defendant. Plaintiff is suing for himself and his subcontractor for an admitted loss. The. defendant was not a party to the subcontract. No consideration has been paid by the defendant for the protection given the contractor in the subcontract and without it the defendant cannot avail itself of this defense.
In my judgment it is a travesty of justice to allow plaintiff overhead on the losses suffered by his subcontractor and to deny recovery to plaintiff for his subcontractor of the amount admittedly due him from the defendant, which any court of equity would require the contractor to pay over to his subcontractor after payment to him by the defendant.
I think plaintiff is entitled to recover $810.81.
Jones, Judge, took no part in the decision of this case.